```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF TEXAS
                         FORT WORTH DIVISION

DERRICK A. JOSEPH,                §
                                  §
VS.                               §   CIVIL ACTION NO.4:07-CV-628-Y
                                  §
                                  §
ARLINGTON POLICE                  §
DEPARTMENT, et al.                §
```

      OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§
       1915A(B)(1) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff Derrick A. Joseph's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Joseph, a prisoner, filed a form civil-rights complaint seeking relief under 42 U.S.C. § 1983 while housed in the Tarrant County jail against defendants the City of Arlington Police Department, and an unnamed officer. (Compl. Style; § IV(B).) Joseph alleges that although an Arlington police officer identified only as "Stephanie" arrested him for theft in the amount of $1,500-20,000, once he made bond on that charge, such charge was replaced with a completely different charge of unauthorized use of a vehicle. (Compl. V; attachment pages.) Although Joseph claims that this occurred because the officer falsified records and computer database entries, he acknowledges in response to an order for more definite statement that he actually was awaiting disposition on both charges: unauthorized use of a vehicle--indictment number 1074252, Criminal District Court Number 1, Tarrant County, Texas; and theft $1,500-20,000--indictment number 106985. (More Definite Statement at 4.) He seeks to have the officer

held responsible for her actions and to have the charges dropped. (Compl. at V.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review of the complaint under these standards, the Court concludes that Joseph's claims must be dismissed.

Because Plaintiff asks this Court to order relief that would

---

[1] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4] *See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id.*, citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

likely interfere with his ongoing state criminal case, this Court must consider whether or not abstention is appropriate under the doctrine announced in *Younger v. Harris*.[6] Under the *Younger* abstention doctrine, a federal court should not interfere with ongoing state criminal proceedings except under extraordinary circumstances not shown here.[7] Abstention is required under the *Younger* doctrine when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional challenges.[8] The Fifth Circuit recognized that under the proscriptions of *Younger* "a federal district court presumptively must abstain from granting either injunctive or declaratory relief when state criminal actions or certain categories of state civil proceedings are pending against the federal plaintiff at the time that federal action is commenced."[9] As Joseph seeks to have this Court declare unconstitutional the actions of a City of Arlington police officer in entering the charges pending against him in state court, and also seeks to have the pending charges against him dropped, it appears

---

[6] 401 U.S. 37 (1971).

[7] *Younger,* 401 U.S. at 49-52; *see also Louisiana Deb. and Lit. Ass'n v. City of New Orleans,* 42 F.3d 1483, 1489-1490 (5th Cir.), *cert. denied,* 515 U.S. 1145 (1995).

[8] *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *see also Louisiana Deb. and Lit. Ass'n*, 42 F.3d at 1490.

[9] *DeSpain v. Johnston,* 731 F.2d 1171, 1175-76 (5th Cir. 1984).

3

that abstention is required. Thus, the Court concludes that Joseph's claims under 42 U.S.C. § 1983 for declaratory and injunctive type relief must be dismissed under authority of 28 U.S.C. § 1915A(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Therefore, Plaintiff's claims are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1), and alternatively, pursuant to 28 U.S.C.§ 1915(e)(2)(B)(i) and (ii).

SIGNED June 13, 2008.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE